# NOS. 12-12-00430-CR
## 12-12-00431-CR
## 12-12-00432-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *AYESHA LEWIS,* <br> *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* <br> *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Appellant attempts to appeal two delivery of a controlled substance convictions as well as the revocation of her community supervision, which was imposed in another delivery of a controlled substance case. We dismiss for want of jurisdiction.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after sentence is imposed in open court. TEX. R. APP. P. 26.2(a)(1). Sentence was imposed in open court on November 15, 2012. Therefore, Appellant's notice of appeal in each of the appeals was due to have been filed on or before December 17, 2012. However, Appellant did not file her notices of appeal until December 26, 2012, and did not file a motion for extension of time to file the notices of appeal as permitted by Texas Rule of Appellate Procedure 26.3. *See* TEX. R. APP. P. 26.3 (appellate court may extend time for filing notice of appeal if, within fifteen days after deadline for filing notice of appeal, appellant files notice of appeal in trial court and motion complying with Texas Rule of Appellate Procedure 10.5(b) in

appellate court).

On December 28, 2012, this court notified Appellant that her notices of appeal were untimely and that there was no timely motion for an extension of time to file the notices of appeal as permitted by Rule 26.3. Appellant was further informed that the appeals would be dismissed unless, on or before January 7, 2012, the information filed in the appeals was amended to show the jurisdiction of this court. The January 7, 2012 deadline has now passed, and Appellant has not shown the jurisdiction of this court.

Because this court has no authority to allow the late filing of a notice of appeal except as provided by Rule 26.3, the appeals must be dismissed. *See **Slaton v. State***, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); ***Olivo v. State***, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Accordingly, the appeals are ***dismissed for want of jurisdiction***.

Opinion delivered January 23, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

**JANUARY 23, 2013**

**NOS. 12-12-00430-CR**
**12-12-00431-CR**
**12-12-00432-CR**

**AYESHA LEWIS**,
Appellant
V.
**THE STATE OF TEXAS**,
Appellee

Appeals from the 241st Judicial District Court of Smith County, Texas.
(Tr.Ct.Nos. 241-1469-12; 241-1468-12; 241-1566-11)

THESE CAUSES came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of these appeals, and that these appeals should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that these appeals be, and the same are, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*